

**IT IS SO ORDERED.**
**Signed October 18, 2013**

*Arthur S. Weissbrodt*

**Arthur S. Weissbrodt**
**U.S. Bankruptcy**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 13-50430-ASW |
| DENNIS RONALD DI RICCO, | Chapter 7 |
| Debtor. | |
| TISHA S. EFTHYMIOU, | Adv. Pro. No. 13-05060-ASW |
| Plaintiff, | |
| v. | |
| DENNIS RONALD DI RICCO, | |
| Defendant. | |

**TENTATIVE DECISION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS WITH LEAVE TO AMEND**

Before the Court is the motion of Defendant Dennis Donald Di Ricco, represented by attorney Stephen Finestone, to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), applicable in bankruptcy via Fed. R. Bankr. P. 7012. Plaintiff Tisha Efthymiou, who is represented by attorney Cheryl Rouse, opposes the motion.

Defendant previously moved to dismiss Plaintiff's second and third causes of action under §§ 523(a)(4) and (a)(6). Plaintiff did not oppose the motion, and the Court dismissed those claims. Plaintiff filed a First Amended Complaint ("FAC") on August 12, 2013, pleading only one claim under § 523(a)(2)(A). Defendant now moves to dismiss that claim for failure to state a claim upon which relief can be granted and for failure to state a fraud claim with particularity under Fed. R. Civ. P. 9(b).

Under Fed. R. Civ. P. 12(b)(6) (applicable in bankruptcy via Fed. R. Bankr. P. 7012), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Section 523(a) excepts from discharge any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or

2

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

actual fraud, other than a statement respecting the
debtor's or an insider's financial condition;

To plead a claim under § 523(a)(2)(A), the creditor must allege that

    (1) the debtor made a representation
    (2) the debtor knew the representation was false at the time he or she made it
    (3) the debtor made the representation with the intent to deceive
    (4) the creditor justifiably relied on the representation, and
    (5) the creditor sustained damage as a proximate result of the misrepresentation having been made.

In re Mbunda, 484 B.R. 344, 350 (9th Cir. BAP 2012) (citation omitted). A debtor's failure to disclose material facts constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to disclose and possessed an intent to deceive. In re Apte, 96 F.3d 1319, 1322 (9th Cir. 1996.)

When pleading these elements, the plaintiff must state "with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The FAC alleges that Defendant was the plaintiff's investment advisor and accountant. The FAC further alleges that William R. Michael ("Michael") was a principal in Lancaster Capital Management, L.L.C. ("Lancaster"), and that Lancaster was and is a limited liability company engaged in the business of investing other people's funds. Defendant, Michael, and Lancaster are co-defendants in the state court proceeding Tisha A. Efthymiou v. William R. Michael, Lancaster Capital Management, LLC, Dennis R. Di Ricco, and Does 1-60, Case No. 111CV204158, pending in Santa Clara County Superior Court.

The FAC further alleges that before October 2007, Plaintiff was seeking long term capital gains to offset long term capital losses to provide financial security for Plaintiff, and that Plaintiff retained Defendant as Plaintiff's financial advisor and accountant.

Plaintiff met with Defendant and Michael in October 2007 to discuss the possibility of Plaintiff investing with Lancaster through Michael to invest funds in the foreign exchange market ("FOREX"). During the meeting, Michael stated that Lancaster's LCM Gold Fund had been returning an annual profit of 36% with the result that the investors would receive between 12% and 24% return depending on the amount of the investment. Lancaster would only charge a fee if the Lancaster LCM Gold Fund produced a return of 18% per year. Neither Defendant nor Michael provided Plaintiff with adequate written documentation to support these representations, nor did Defendant ask for these records or explain to Plaintiff the risks of relying on summaries.

Based on the foregoing representations, in January 2008, Plaintiff agreed to invest in Lancaster's LCM Gold Fund. Michael orally agreed to a return of 24% per year payable at 2% each month with a catch-up provision. If the return was greater than 24%, Lancaster would keep it. If less, Lancaster would receive nothing. The oral agreement also had a loss cap provision that if at any time 20 percent of the principal was lost by Lancaster, all investment activity would cease and Plaintiff would be notified. Plaintiff had the right to full or partial liquidation upon 30 days' notice. Defendant attended the meeting but did not warn Plaintiff about Lancaster or Michael and made no mention of the

risks inherent in such an investment.  Plaintiff alleges Defendant sent multiple emails to Plaintiff encouraging her to invest with Lancaster.  Despite promises of written contracts, no such contracts were ever presented to Plaintiff by Lancaster, Michael, or Defendant.

On February 1, 2008, Plaintiff transferred $750,000 to Lancaster with specific instructions by Plaintiff and Defendant that the investments were to be used only for FOREX trading.  However, unbeknownst to Plaintiff, Michael transferred $150,000.00 of Plaintiff's money to pay off a previous investment made with Michael's partner, Bruce Musgrave, in an investment unrelated to Plaintiff.

Beginning in March 2008, Plaintiff received monthly transfers into her account from Lancaster equal to a 2% monthly return on her principal, totaling $162,000.00.  Because of this apparent success, Plaintiff invested another $480,000.00 in October of 2008, $530,000 in November 2008, and $70,000 in April 2009.

Michael loaned all of Plaintiff's remaining funds to Lancaster Platinum Growth Fund ("LPGF"), a hedge fund operated by Lancaster and Michael.  LPGF invested in and traded futures, purchased stock options and invested in Icon, Taurus and EIMT.  LPGF also loaned $250,000 of Plaintiff's investment to Enviromatix of California, Inc., a company on which Defendant serves as a registered agent and as a member of the board of directors.  Plaintiff alleges Defendant had a financial interest in the company.

Furthermore, LPGF loaned $180,000.00 of Plaintiff's investment to Cyrotherm of California, inc., a company for which Defendant serves as president and as a member of the board of directors, and

in which Plaintiff alleges Defendant has a financial interest. Plaintiff also alleges that Defendant knew of these loans but did not disclose the information to Plaintiff.

LPGF made a final investment of Plaintiff's money to Art Loan Financial Services, Inc. in the amount of $500,000.00. Michael served on the board of directors of Art Loan Financial Services. Plaintiff alleges she had neither given consent to these investments, nor did she have knowledge of these investments.

Between February 2008 and July 2009, Michael and Defendant gave oral and written assurances to Plaintiff that her funds were invested in the FOREX market and were doing well. Michael knew this was false. No later than March 2008, Defendant became aware that Plaintiff's money had been placed with LPGF instead of being traded in the FOREX market in LCM Gold, and that it had incurred financial losses. Defendant did not inform Plaintiff. Plaintiff alleges that Defendant advised Michael and Lancaster to keep secret from Plaintiff the fact that her funds had not been invested in the FOREX market or that Plaintiff had sustained substantial losses. Instead, Defendant advised Michael to continue to make monthly payments to Plaintiff. Defendant and Michael did not admit to Plaintiff that her funds had been transferred to the LPGF hedge fund until October of 2010.

Plaintiff learned for the first time in July 2009 that her funds had not been invested in FOREX trading but had been loaned to LPGF and that there had been a significant loss of funds – in excess of the 20% loss cap – going back a significant period of time. All Plaintiff's funds had either been lost or were committed

to troubled, illiquid investments and as a practical matter were lost.

Plaintiff was paid $3,300.00 each month from August 2009-May 2010. After May 2010, Plaintiff received nothing. In January 2010, Plaintiff and Defendant met with Michael to audit the books and records concerning Plaintiff's investment. The audit confirmed that Plaintiff's funds had not been traded in the FOREX market but had been utilized by Michael as alleged above.

Plaintiff's allegations that are specific to the § 523(a)(2)(A) claim are as follows:

> 21. In advising the Plaintiff to invest with Michael and Lancaster, Di Ricco concealed that such a promised return on FOREX trading was unlikely, that he had not and would not review Lancaster's records to confirm that it was generating or would generate the returns promised by Michael and Lancaster, that agreements should be in writing, and beginning no later than March, 2008 concealed from the Plaintiff that Lancaster had given the money to LPGF a hedge fund that had made questionable loans and investments and that Plaintiff was not making money as indicated in the monthly payments she was receiving, but in fact was losing money. Di Ricco concealed that he had a financial interest in two of the companies to which loans were made by LPGF. Michael concealed that he had a financial interest in one of the companies to which a loan was made by LPGF.
>
> 22. The facts represented and the facts concealed were material. Plaintiff reasonably believed the facts as represented to her as true. If the true facts had not been concealed from her, Plaintiff would not have invested her funds with Michael and Lancaster, would have diversified, would have monitored the investments, and would have pulled out her remaining investment, all to her damage as herein alleged.
>
> 23. As a direct and legal result of the fraudulent concealment by Di Ricco, Plaintiff has been damaged in the sum of not less than $2,349,000 representing her net principal investment, as well as pre-judgment interest at the rate of 10 percent per annum from January 1, 2009 to the present.
>
> 24. In addition, with respect to the representations made by Di Ricco, he knew them to be false and made these representations with the intention to induce Plaintiff to

act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act. Di Ricco also ratified and approved the false representations made by Michael.

25. Plaintiff, at the time these representations were made by and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff was induced to invest the sum of $1,830,000 in Lancaster.

26. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Di Ricco's representations was justified because of Di Ricco's role as her accountant and financial advisor.

Defendant argues that the only affirmative representation alleged is that between February 2008 and July 2009 Defendant assured Plaintiff that her funds were invested in the FOREX market and were doing well. Plaintiff alleges that this allegation is not pleaded with particularity as required by Fed. R. Civ. P. 9(f).

To satisfy Fed. R. Civ. P. 9, a complaint should plead the who, what, where, when, why and how. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1995). The complaint also must identify "the circumstances of the alleged fraud so that defendants can prepare an adequate answer." Id. (citing Warshaw v. Xoma Corp., 74 F.3d 955, 959-60 (9th Cir. 1996)). Defendant is correct that the allegation does not meet the Fed. R. Civ. P. 9 standard. Although the who and what are stated clearly, there is no allegation of the precise time, place or reason for the representations. Further, Defendant correctly points out that to the extent the representations were made after Plaintiff made her final investment, those representations cannot be a basis for an allegation that Plaintiff was induced by those representations into investing more funds.

Defendant acknowledges that fraudulent concealment may form a basis for a claim under § 523(a)(2)(A) but argues that the complaint still does not state a claim upon which relief can be granted. First, Plaintiff alleges that Defendant concealed that the promised returns on FOREX trading were unlikely. However, there is no allegation that Defendant knew that this was the case. Second, Plaintiff alleges that Defendant concealed that he had not and would not review Lancaster's records to confirm that it was generating or would generate the returns promised by Michael and Lancaster. Here, there is no allegation that Defendant had a duty to perform such a review or that a failure to do so was more than mere negligence. Third, Plaintiff alleges that Defendant concealed that agreements between Plaintiff and Lancaster should be in writing. Again, there is no allegation that Defendant had a duty to inform Plaintiff of this or that failure to do so was anything but negligent.

Fourth, Plaintiff alleges that Defendant concealed from Plaintiff that Lancaster had given the money to LPGF, a hedge fund that had made questionable loans and investments, and Plaintiff was not making money as indicated in the monthly payments she was receiving, but was in fact losing money. Defendant argues that the allegation is unclear, but when read in conjunction with the allegation that Defendant knew no later than March 2008 that Plaintiff's money had been placed with LPGF, the Court finds that the allegation is sufficient to support elements one and two – that the Defendant made a representation that he knew to be false.

Finally, Plaintiff alleges that Defendant concealed that he had a financial interest in two of the companies to which loans

were made by LPGF.  Defendant argues that this allegation is insufficient because it does not state when the alleged loans were made or when Defendant learned of the loans.  In his reply Defendant also argues that the corporations to which the loans were made were not incorporated until 2009, after Plaintiff had made her investments, although the Court does not find this dispositive.

The Court finds that this allegation is not pleaded with particularity and thus does not support a claim under § 523(a)(2)(A).  As argued by Defendant, there is no allegation as to when the loans were made or when Defendant learned of those loans.

The Court also finds that there is no allegation that Defendant acted with the requisite intent to deceive.  The FAC alleges that Defendant made the representations with the intent to induce Plaintiff to act in reliance on these representations, but does not explicitly state that Defendant acted with intent to deceive.

For the foregoing reasons, the motion to dismiss is granted, with leave to amend.

IT IS SO ORDERED.

**\*\*\* END OF TENTATIVE DECISION AND ORDER \*\*\***

**Court Service List**

All parties are ECF participants

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California